Justice Thomas,
concurring.
The Court rightly affirms the careful approach to § 36(b) cases, see 15 U. S. C. §80a-35(b), that courts have applied since (and in certain respects in spite of) Gartenberg v. Merrill Lynch Asset Management, Inc., 694 F. 2d 923, 928-930 *354 (CA2 1982). I write separately because I would not shortchange the Court’s effort by describing it as affirmation of the “Gartenberg standard.” Ante, at 344, 353.
The District Court and Court of Appeals in Gartenberg created that standard, which emphasizes fee “fairness” and proportionality, 694 F. 2d, at 929, in a manner that could be read to permit the equivalent of the judicial rate regulation the Gartenberg opinions disclaim, based on the Investment Company Act of 1940’s “tortuous” legislative history and a handful of extrastatutory policy and market considerations, id., at 928; see also id., at 926-927, 929-931; Gartenberg v. Merrill Lynch Asset Management, Inc., 528 F. Supp. 1038, 1046-1050, 1055-1057 (SDNY 1981). Although virtually all subsequent § 36(b) cases cite Gartenberg, most courts have correctly declined its invitation to stray beyond statutory bounds. Instead, they have followed an approach (principally in deciding which cases may proceed past summary judgment) that defers to the informed conclusions of disinterested boards and holds plaintiffs to their heavy burden of proof in the manner the Act, and now the Court’s opinion, requires. See, e. g., ante, at 347 (underscoring that the Act “modifies” the governing fiduciary duty standard “in a significant way: It shifts the burden of proof from the fiduciary to the party claiming breach, 15 U. S. C. § 80a-35(b)(l), to show that the fee is outside the range that arm’s-length bargaining would produce”); ante, at 352 (citing the “degree of deference that is due a board’s decision to approve an adviser’s fees” and admonishing that “the standard for fiduciary breach under § 36(b) does not call for judicial second-guessing of informed board decisions”).
I concur in the Court’s decision to affirm this approach based upon the Investment Company Act’s text and our longstanding fiduciary duty precedents. But I would not say that in doing so we endorse the “Gartenberg standard.” Whatever else might be said about today’s decision, it does not countenance the free-ranging judicial “fairness” review *355 of fees that Gartenberg could be read to authorize, see 694 F. 2d, at 929-930, and that virtually all courts deciding § 36(b) cases since Gartenberg (including the Court of Appeals in this case) have wisely eschewed in the post-Gartenberg precedents we approve.